UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRELL MARSHALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6577** |
| **DEPARTMENT OF CORRECTIONS** | **SECTION: "I"(3)** |

## REPORT AND RECOMMENDATION

Jerrell Marshall, a state prisoner incarcerated at the St. Tammany Parish Jail in Covington, Louisiana, filed the instant federal application seeking habeas corpus relief. For all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED**.

On May 1, 2017, petitioner was sentenced to the following concurrent terms of imprisonment after pleading *nolo contendere* to the following crimes under Louisiana law: (1) one year without benefit of probation, parole, or suspension of sentence for the crimes of unauthorized use of a motor vehicle, resisting a police officer, and simple robbery;[1] (2) three years for the crime of distribution of a legend drug (cyclobenzaprine);[2] (3) one year without benefit of probation, parole, or suspension of sentence for the crime of attempted simple escape;[3] and (4) three years for the crime of second degree battery.[4] He did not appeal.

Petitioner thereafter filed the following series of motions in the Louisiana Twenty-First Judicial District Court, the court in which he was convicted, challenging the manner in which his sentence was being calculated and executed by prison authorities:

---

[1] State Rec., Vol. 1 of 4, minute entry dated May 1, 2017 (Case No. 1500012).
[2] State Rec., Vol. 2 of 4, minute entry dated May 1, 2017 (Case No. 1500079).
[3] State Rec., Vol. 3 of 4, minute entry dated May 1, 2017 (Case No. 1500326).
[4] State Rec., Vol. 4 of 4, minute entry dated May 1, 2017 (Case No. 1500463).

1. On or about November 20, 2017, he filed a *pro se* "Motion: Request for Clarification of Sentence."[5]  On January 31, 2018, the court denied that motion, stating: "Time calculations should be directed to the 19th JDC.  All documents from the 21st JDC were forwarded to mover August 29, 2017."[6]

2. On or about January 29, 2018, he filed a *pro se* "Motion to Clarify Sentence."[7]  On February 5, 2018, the court denied that motion, stating: "All Document[s] were sent to mover in Sept. 2017, including transcripts, pleadings, minutes, responses, and commitment orders.  Mover needs to address his request for time calculations to Dept. of Corrections through the 19th JDC."[8]

3. On or about February 15, 2018, he filed a *pro se* "Motion to Clarify Jail Credits and Concurrent Sentence to the Department of Corrections Pursuant to La. C.Cr.P. article 880 and 883."[9]  On February 21, 2018, the court denied that motion, stating: "Denied.  Calculations are DOC, not 21st JDC."[10]

4. On or about April 15, 2018, he filed a *pro se* "Application for Writ of Habeas Corpus Pursuant to La. C.Cr.P. art. 351 *et seq.*"[11]  On April 23, 2018, the court

---

[5] State Rec., Vol. 1 of 4.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned with certainty from the state court record with respect to the *pro se* filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the applications were obviously placed in the mail no earlier than the date they were signed.
[6] State Rec., Vol. 1 of 4, order dated January 31, 2018.
[7] State Rec., Vol. 1 of 4.
[8] State Rec., Vol. 1 of 4, order dated February 5, 2018.
[9] State Rec., Vol. 1 of 4.
[10] State Rec., Vol. 1 of 4, order dated February 21, 2018.
[11] State Rec., Vol. 1 of 4.

  denied that application, stating: "Denied. Issues of time calculation must be addressed with DOC through the 19th JDC."[12]

5.  On or about June 4, 2015, he filed a *pro se* "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 *et seq.*"[13]  On June 11, 2018, the court denied that motion, stating: "Issues regarding calculation of time are to be filed in the 19th JDC."[14]

6.  On June 6, 2018, he filed a counseled "Petition for Writ of Habeas Corpus."[15]  On June 11, 2018, the court denied that motion, stating: "Issues directing the Dept. of Corrections to calculate time are to be filed in the 19th JDC."[16]

Although it is not reflected in the state court record provided by the respondent in this case, this Court has discovered that petitioner sought supervisory review with respect to one of the foregoing rulings in the Louisiana First Circuit Court of Appeal. That court also denied relief, similarly holding:

> **WRIT DENIED**.  A claim seeking credit for time served is governed by the Louisiana Corrections Administrative Remedy Procedure (CARP). CARP is the exclusive remedy for an offender to challenge the Department's time computations for his sentence, including credit for time served. Billizone v. Louisiana Dep't of Pub. Safety & Corr., 2017-0002 (La. App. 1st Cir. 6/14/17), 2017 WL 2603486 (unpublished).  Venue for judicial review through a CARP proceeding lies exclusively in the 19th JDC. Bellard v. Louisiana Corr. & Indus. Sch., 95-0157 (La. 10/16/95), 661 So.2d 430, 431-32. Accordingly, to obtain judicial review of the Louisiana Department of Public Safety and Corrections calculation of his time served, the petitioner, Jerrell Marshall, must follow the procedures afforded by

---

[12] State Rec., Vol. 1 of 4, order dated April 23, 2018.
[13] State Rec., Vol. 3 of 4.
[14] State Rec., Vol. 3 of 4, order dated June 11, 2018.
[15] State Rec., Vol. 3 of 4.
[16] State Rec., Vol. 3 of 4, order dated June 11, 2018.

Louisiana Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171 et seq.[17]

On June 11, 2018, petitioner filed the instant *pro se* application seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[18] He subsequently filed a supplemental petition seeking relief pursuant to 28 U.S.C. §§ 2241 and 2254.[19] The state filed a response arguing that

---

[17] State v. Marshall, No. 2018 CW 0588, 2018 WL 4026370 (La. App. 1st Cir. Aug. 22, 2018). This Court notes that it is unacceptable for the Assistant District Attorney who filed the response in this case not to have located and supplied the records relating to this writ application for this Court's review. This Court's briefing order stated:

> **IT IS FURTHER ORDERED** that the District Attorney for Tangipahoa Parish, Louisiana shall file with the Court, within thirty (30) days of entry of this order, a certified copy of *the entire state court record. This shall include all pleadings, briefs, memoranda, and other documents filed in connection with any application for post-conviction relief or appeal, transcripts of all proceedings held in any state court, and all state court dispositions.*

Rec. Doc. 13, p. 2 (italicized emphasis added). In the state's response, the Assistant District Attorney merely observed that the state "had not received any notice or service" indicating that petitioner had sought supervisory review. See Rec. Doc. 18, pp. 2-3. **In order to avoid the repetition of this error in the future, the District Attorney is hereby placed on notice that such a lackadaisical approach does not suffice to comply with the briefing order. The obligation of a district attorney responding to a federal habeas petition encompasses a duty to actually *independently check* with the applicable Louisiana Court of Appeal and the Louisiana Supreme Court to determine whether a petitioner has in fact sought review in those courts and, if so, to obtain and include those records from those courts in "the entire state court record" ordered to be provided to this Court.**

[18] Rec. Doc. 9. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on June 11, 2018. Rec. Doc. 9, p. 15.

Although the instant case was subsequently transferred to this Court, this application was originally filed in the United States District Court for the Western District of Louisiana and assigned a docket number of Civil Action No. 18-CV-801. This Court has discovered that petitioner also filed a separate § 2241 petition with the Western District a few days earlier which appears to assert the same or similar claims. That case, which was retained by the Western District, was dismissed without prejudice on the grounds that petitioner failed to exhaust his available state remedies. Marshall v. Dept. of Corrections, Civ. Action No. 18-0782, 2018 WL 3946552 (W.D. La. Aug. 6, 2018), adopted, 2018 WL 3946021 (W.D. La. Aug. 16, 2018).

[19] Rec. Doc. 12. Both § 2241 and § 2254 can serve as a basis for relief for state prisoners. That said, the two sections are not interchangeable; rather, each applies in a specific situation. Specifically, § 2254 applies when a prisoner is challenging the *legality* of either his underlying state conviction or sentence, whereas § 2241 applies when a prisoner is instead challenging *the manner in which prison officials are executing his sentence*. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Stewart v. Vannoy, No. 17-1925, 2018 WL 1916845, at *5 n.8 (E.D. La. Feb. 28, 2018), adopted, 2018 WL 1912147 (E.D. La. Apr. 23, 2018); Williams v. Cain, Civ. Action No. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015). Here, it appears that petitioner is primarily challenging the prison authorities' calculation of his release date; if so, that would seem to more properly fall under § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or *the prison authorities' determination of its duration* ...." (emphasis added)). However, because petitioner filed his claims on a § 2254 form, and because his claims are at best unclear,

petitioner's federal application is subject to dismissal both because it is untimely and because he failed to exhaust his remedies in the state courts.[20]  Petitioner filed a reply to the state's response.[21]

## **28 U.S.C. § 2254**

To the extent that petitioner is seeking relief pursuant to 28 U.S.C. § 2254, his application is in fact untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying state criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[22]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

---

the Court will, out of an abundance of caution, note that he is not currently entitled to relief under either § 2241 or § 2254 for the reasons noted in this opinion.
[20] Rec. Doc. 18.
[21] Rec. Doc. 20.
[22] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, petitioner does not argue that those alternative provisions are applicable in the instant case.  See Rec. Doc. 9, p. 13 (leaving blank Question No. 18, which requires a petitioner to explain why his application should be considered timely if it is being filed more than one year after his judgment of conviction became final).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on May 1, 2017. Because he did not file a direct appeal within the thirty days allowed by state law,[23] his conviction and sentence became final no later than May 31, 2017. Accordingly, his period for filing a § 2254 application commenced on that date and then expired one year later on May 31, 2018, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

However, even if the Court assumes for the purposes of this decision that petitioner's state applications, all of which challenged only prison officials' calculation of his sentences, qualified as applications for "post-conviction or other collateral review" within the meaning of § 2244(d)(2), he still would not be entitled to tolling because those applications were not *properly filed* – rather, they were all filed in the *wrong court*. Under Louisiana law, applications challenging sentence calculations must be filed in the Louisiana *Nineteenth* Judicial District Court for the Parish of East Baton Rouge. La. Rev. Stat. Ann. § 15:571.15 ("Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the

---

[23] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914.

parish of East Baton Rouge."); see State *ex rel.* Morris v. Newell, 412 So. 2d 75 (La. 1982) ("La. RS 15:571.15 requires that this petition contesting computation of release date be filed in East Baton Rouge Parish."). However, as noted, all of petitioner's applications were denied on the basis that they were improperly filed in the Louisiana *Twenty-First* Judicial District Court for the Parish of Tangipahoa. It is clear that state applications filed in the wrong court do not qualify as "properly filed" for purposes of § 2244(d)(2), and, therefore, do not toll the AEDPA statute of limitations. Sibley v. Culliver, 377 F.3d 1196, 1202-03 (3rd Cir. 2004); Handy v. Everett, 12 Fed. App'x 804, 805 (10th Cir. 2001); Cunningham v. Payne, No. C05-5839, 2006 WL 1875890, at *5 (W.D. Wash. July 5, 2006); Williams v. Crosby, No. 8:03-CV-1574-T-27, 2006 WL 1823437, at *3 (M.D. Fla. June 30, 2006). Accordingly, petitioner is not entitled to statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner alleges that he was unable to pursue relief in a timely fashion because he was illiterate, mentally ill, and without counsel to assist him. However, those conditions do not warrant equitable tolling.

Courts have repeatedly held that equitable tolling is not justified simply because a prisoner is illiterate. See, e.g., Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." (citation omitted)); Gonzalez v. Davis, No. 4:15-CV-432, 2016 WL 8737149, at *2 (N.D. Tex. Sept. 2, 2016) ("Petitioner acknowledges that his federal petition was filed after the due date but attributes his delay to his illiteracy and lack of legal assistance. These are common problems however for inmates who are trying to pursue postconviction relief and do not warrant equitable tolling." (footnote omitted)); Bankston v. Lee, Civ. Action No. 4:15CV142, 2016 WL 482872, at *3 (N.D. Miss. Feb. 4, 2016) ("The Court notes that a petitioner's illiteracy does not demand a tolling of the federal limitations period.").

As for his allegation concerning his unspecified mental illness, the Court notes that tolling is not warranted on that basis in light of the fact that, as noted herein, petitioner has been able to seek relief *repeatedly* in both the state and federal courts. In rejecting equitable tolling based on mental illness in a similar case, the United States Fifth Circuit Court of Appeals held:

> [Petitioner's] argument with respect to his mental illness fails. Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petitioner. Here, [petitioner] has not made a threshold showing of incompetence and more importantly, it is clear that there is no causal connection between [his] mental illness and his failure to file a timely federal habeas petition. And the record makes clear that regardless of any mental illness, [petitioner] has pursued, without assistance of counsel, both state and federal habeas relief.

Jones v. Stephens, 541 Fed. App'x 499, 505 (5th Cir. 2013) (footnote omitted); accord Noble v. Cooper, Civ. Action No. 11-2866, 2013 WL 1135867, at *3 (E.D. La. Mar. 20, 2012) ("Where …

a petitioner's filings during the relevant period show that he was able to coherently pursue his legal remedies in other courts, his argument that the alleged impediments were so insurmountable as to prevent him from seeking relief in federal court is too speculative to succeed.  Accordingly, there is simply no basis for finding that petitioner's … mental illness constituted an 'extraordinary circumstance' which stood in his way and *prevented* timely filing." (citations and quotation marks omitted)), adopted, 2012 WL 1135857 (E.D. La. Apr. 4, 2012).  That same reasoning applies here.

Likewise, petitioner's lack of appointed legal counsel to assist him clearly does not justify equitable tolling.  See, e.g., United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008) ("Proceeding *pro se* is alone insufficient to equitably toll the AEDPA statute of limitations."); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance [warranting equitable tolling] because it is typical of those bringing a § 2254 claim."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In light of the foregoing, and as well as the fact that this Court is unaware of any other reason that might support equitable tolling of the statute of limitations in this case, the Court finds that petitioner has not established entitlement to equitable tolling.

Lastly, the Court also notes that the United States Supreme Court has held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  Here, however, petitioner has neither invoked

McQuiggin nor argued that he is actually innocent of the underlying crimes of which he stands convicted.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his § 2254 application had to be filed no later than May 31, 2018, in order to be timely. Because his application was not filed until June 11, 2018, it should be dismissed as untimely.[24]

Out of an abundance of caution, the Court further notes that petitioner's § 2254 application is also subject to dismissal on another separate and distinct basis: he failed to exhaust his available state remedies. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until

---

[24] Although petitioner's application was filed less than two weeks past the deadline, it must be noted that "the magnitude of [a petitioner's] tardiness" simply is not a proper consideration in determining the timeliness of a federal habeas application. Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002). As the United States Fifth Circuit Court of Appeals explained:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Id. at 264–65 (footnote omitted).

the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Id. at 518 (footnote, citations, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). On September 13, 2018, a member of the undersigned's staff contacted the Clerk of the Louisiana Supreme Court by telephone and was informed that petitioner had filed no applications whatsoever with that court.

Because petitioner has not yet provided the Louisiana Supreme Court with a fair opportunity to consider the claims included in his instant federal application, he has failed to comply with the federal exhaustion requirement. Accordingly, his federal application is also subject to dismissal on that basis. However, because an untimely § 2254 application is dismissed *with* prejudice, while an application asserting unexhausted claims is dismissed *without* prejudice, it is recommended that petitioner's application be dismissed based on its untimeliness in the interest of justice and judicial economy. See Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007) ("When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." (citations omitted)); see also Billiot v. Louisiana, Civ. Action No. 16-12060, 2016 WL 6496247, at *2 (E.D. La. Oct. 13, 2016) ("[I]t

11

would not be in the interests of justice and judicial economy to dismiss petitioner's federal application *without* prejudice based on the lack of exhaustion. Because the application is also untimely…, it should instead be dismissed *with* prejudice on that basis."), adopted, 2016 WL 6476098 (E.D. La. Nov. 2, 2016); Dantzler v. Louisiana, Civ. Action No. 14-742, 2014 WL 5780599, at *2 (E.D. La. Nov. 5, 2014); Williams v. Louisiana, Civ. Action No. 12-670, 2012 WL 5932229, at *4 (E.D. La. July 24, 2012), adopted, 2012 WL 5932072 (E.D. La. Nov. 26, 2012); Champ v. Cooper, Civ. Action No. 11-2187, 2012 WL 396214, at *3 (E.D. La. Jan. 12, 2012), adopted, 2012 WL 396149 (E.D. La. Feb. 7, 2012).

### **28 U.S.C. § 2241**

To the extent that petitioner is seeking relief pursuant to 28 U.S.C. § 2241, then his application is not untimely, because the AEDPA's one-year statute of limitations simply does not apply to § 2241 petitions. See, e.g., Johnson v. Cain, Civ. Action No. 15-310, 2015 WL 10438640, at *4 (E.D. La. June 4, 2015) ("The one-year statute of limitations period has not been extended to Section 2241 petitions."), adopted, 2016 WL 892610 (E.D. La. Mar. 9, 2016); Hatfield v. Quarterman, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) ("Unlike habeas petitions governed by AEDPA, habeas petitions under § 2241 have no statute of limitations ….").

However, like § 2254 petitions, § 2241 petitions are still subject to an exhaustion requirement. As Magistrate Judge Joseph Wilkinson explained in Johnson, in the Report and Recommendation subsequently adopted by United States District Judge Sarah Vance:

> Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c), a federal court should abstain from the exercise of its habeas jurisdiction if the claims asserted in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Edge v. Stalder, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); Greer v. St. Tammany Parish

<u>Jail</u>, 693 F. Supp. 502, 508 (E.D. La. 1988); see also <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973).  The exhaustion doctrine is applied to Section 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process.  <u>Dickerson</u>, 816 F.2d at 225.

<u>Johnson</u>, 2015 WL 10438640, at *5.

As already noted herein, petitioner has not availed himself of all of the state remedies available to him concerning his sentence calculation claim.  Specifically, he may pursue that claim through Louisiana's Corrections Administrative Remedy Procedure, La. Rev. Stat. Ann § 15:1171 *et seq.*, and, if necessary, then seek supervisory review of the resulting administrative decision in the Louisiana Nineteenth Judicial District Court, the Louisiana First Circuit Court of Appeal, and the Louisiana Supreme Court pursuant to La. Rev. Stat. § 15:571.15.  See <u>Johnson</u>, 2015 WL 10438640, at *6.  Because he has not yet exhausted those state remedies, his § 2241 claims should be dismissed without prejudice on that basis.  <u>Id.</u>

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that petitioner's § 2254 claims be **DISMISSED WITH PREJUDICE** as untimely.

It is **FURTHER RECOMMENDED** that petitioner's § 2241 claims be **DISMISSED WITHOUT PREJUDICE** because he has failed to exhaust his available state remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of October, 2018.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**